UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

—————————————————————————

UNITED STATES OF AMERICA,

                              Plaintiff,

                                                    **DECISION AND ORDER**
          v.                                         20-CR-42-A

CHARLES M. PORTERFIELD,
                              Defendant.

—————————————————————————


          Defendant Charles M. Porterfield is charged a two-count redacted Indictment

with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and

2251(e) (Count 1), and penalty for registered sex offender (*i.e.*, committing a felony

offense involving a minor after being required to register as a sex offender), in

violation of 18 U.S.C. § 2260A (Count 2).[1]

          The Court determined that a couple of requests for protective orders raised in

the Government's pretrial memorandum (Dkt. No. 83, §§ B, H) may be resolved prior

to jury selection.  On November 14, 2022, Defendant stated on the record that he

does not oppose either request.  The requests are GRANTED for the reasons set

forth herein, with the parameters of the respective protective orders outlined as well.

_____

[1] The Indictment (Dkt. No. 5) also charged one count of enticement of a minor, in violation of 18 U.S.C. § 2422(b).  The Court orally granted the Government's motion to dismiss that count, which was former Count 2.  *See* CM/ECF Minute Entry, 10/27/2022.  The Indictment also alleges that Defendant had a prior sex conviction in which a minor was the victim at the time of the commission of the offense alleged in Count 1, which subjects Defendant to additional penalties (life imprisonment) as set forth in 18 U.S.C. § 3559(e)(1), if convicted.

**<u>DISCUSSION</u>**

**I.    Protection of the Minor Victim-Witness's Identity**

The Government requests a protective order from the Court to require that the minor victim-witness and the minor victim's mother (the mother shares the same last name as the minor victim is expected to testify as well)[2] be referred to at trial and in trial-related documents by first names and last initials only rather than their full names, so that the victim is not publicly identified during the trial.  The Government argues that otherwise, the victim would have to "live the rest of her life in fear that someone may discover, years from now, that she was the victim of a child pornography crime," and public identification "could cause unknowable personal, professional, or psychological harm to [the victim] years or decades from now."

The Child Victims' and Child Witnesses' Rights Act permits a district court to conceal the identity of a child victim or child witness.  Section 3509(d)(3)(A) of Title 18 of the United States Code provides that "[o]n motion by any person the court may issue an order protecting a child from public disclosure of the name of or any other information concerning the child in the course of the proceedings, if the court determines that there is a significant possibility that such disclosure would be detrimental to the child."  Section 3509(d)(3)(A) clearly applies to the victim, who was a minor at the time of the alleged offense and is currently 16 years old.[3]

---

[2] For sake of brevity, the Court will refer to the alleged minor victim-witness in this Decision and Order as "the victim."

[3] The Court must also consider the Crime Victim's Rights Act, which provides that all crime victims, regardless of age, have "the right to be treated with fairness and with respect for the victim's dignity and privacy."  18 U.S.C. § 3771(a)(8).

Although Defendant does not oppose the Government's request for a protective order, the Court must still consider that "the press and general public have a constitutional right of access to criminal trials." *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982).  This right, however, "is not absolute" and may be curtailed "in limited circumstances" when the Government puts forth a "weighty justification."  *Id.* at 606.  Specifically, the Government must demonstrate that "the denial [of public access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  *Id.* at 607.

The Court concludes that § 3509(d)(3)(A) "specifically allows for protection of the identity [of the victim], who remains a minor."  *United States v. Graham*, 12-CR-311, 2013 U.S. Dist. LEXIS 2992, *6 (W.D.N.Y. Jan. 8, 2013).  Moreover, the Court finds that the "significant possibility" of "detrimental" effects of disclosure of the victim's identity, such as her current and future wellbeing considering her young age and the nature of the charged conduct, outweighs the First Amendment interests in favor of disclosure.

The Government has compelling interests in (1) limiting identification of the victim in this case to protect her from probable adverse personal, psychological, and professional consequences that would stem from linking her identity to that of a victim of a child pornography crime; and (2) "encouraging crime victims to testify by protecting them from the adverse consequences of testifying."  *United States v. Thompson*, 178 F. Supp. 3d 86, 96 (W.D.N.Y. 2016).  Moreover, the Court further finds that the Government's proposed protective order "is narrowly tailored to protect the identit[y] of the [victim] and outweighs the minor abridgment of the public's

3

access to this information." *United States v. Foley*, No. 3:18-cr-333 (VLB), 2019 U.S. Dist. LEXIS 190531, *5-6 (D. Conn. Nov. 4, 2019). The proposed order is limited in scope and thus is narrowly tailored to serve the interests identified herein. Even with the Government's proposed limit in place, the Courtroom will remain open during the trial, and the press and the public could still attend trial and follow the testimony and evidence and hear the victim's testimony in full. The only information that would be denied to the public and the press is the victim's full name and her mother's full name. In addition, the full names of the victim and her mother "are immaterial to Defendant's guilt or innocence." *United States v. Zhong*, 16-cr-614 (DLI), 2018 U.S. Dist. LEXIS 199668, *5 (E.D.N.Y. Nov. 26, 2018).

The Court therefore GRANTS the Government's request to protect the identity of the victim in this manner. The Court ORDERS that during the trial and any ancillary proceedings, including but not limited to opening and closing statements, evidence introduced or elicited during trial, in all public filings, and/or in communications with members of the press or other third parties, the parties in this case (as well as their representatives and agents) are prohibited from identifying the victim by her full name. The victim shall instead be referred to by her first name and last initial, only. In addition, because the victim's mother is expected to testify at trial, and because the victim shares the same last name as her mother (and the victim's identity could therefore be ascertained by inferences draw from their familial relationship), the mother shall likewise be referred to by her first name and last initial, only. It is also ordered that the Government shall redact any reference to the victim's and her mother's full legal names (and last names of any family members

4

with the same last name) and personal identifying information in its trial exhibits or replace those names with their first names and last initials, only.  The Government is also directed to confer with defense counsel and propose a suitable approach to identifying the victim and her mother to the venire without disclosing their identities.

## II.  Limiting Display of Child Pornography

The Government also requests a protective order from the Court precluding the publication or display of the visual depictions of alleged "child pornography" (18 U.S.C. § 2256(8)) to the gallery/ Courtroom spectators—in other words, to limit their publication to the jury, counsel, Defendant, the Court and Court staff, and testifying witnesses, and to do so only once the victim has left the stand and before the next witness testifies.[4]  While the Government intends to introduce these exhibits through the victim's testimony, it seeks to await her departure from the stand before publishing them "to avoid re-victimizing" her.  Defendant does not oppose this request.

"Even assuming that restricting the display of trial exhibits to the courtroom audience constitutes a partial 'closure' for Sixth Amendment purposes, the government presents substantial reasons for doing so—limiting the continuing harm to victims of child pornography."  *United States v. Killingbeck*, 616 Fed. Appx. 14, 16 (2d Cir. Oct. 5, 2015) (summary order); *see Foley*, 2019 U.S. Dist. LEXIS 190531, at *2-4.  Moreover, the proposed restriction is narrow and no broader than necessary to protect that interest, as the public will not be excluded from the Courtroom, and

---

[4] On November 14, 2022, the Government clarified on the record that it asks that the proposed protective order cover Government Trial Exhibits ## 11, 12, 13, 14, and 32.

members of the press and public may attend the entire trial, see the witnesses, listen to all witnesses' testimony, and view all other evidence.  The Court also concludes that it has considered, but is unaware of, any reasonable alternatives that would protect the Government's interest.  *See United States v. Smith*, 426 F.3d 567, 571 (2d Cir. 2005) (citing the four-prong test set forth in *Waller v. Georgia*, 467 U.S. 39, 45 (1984)), *cert denied* 546 U.S. 1204 (2006); *see also United States v. Ledee*, 762 F.3d 224, 230-231 (2d Cir. 2014) (holding that "a district court has the duty to *sua sponte* consider reasonable alternatives to closure," which the Court must do "even when alternatives are not offered by the parties"), citing *Presley v. Georgia*, 558 U.S. 209, 214 (2010) (per curiam).

The Court therefore GRANTS the Government's request for a protective order regarding its display of materials the Government argues constitute child pornography, materials which shall, to the extent reasonably practicable, be shielded from public view following the procedure proposed by the Government.

## **CONCLUSION**

The Government's requests (Dkt. No. 83, §§ B, H) for protective orders are GRANTED for the reasons stated herein.

**SO ORDERED.**

 s/Richard J. Arcara
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  November 14, 2022
        Buffalo, New York