UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

**DECISION AND ORDER**
20-CR-42-A

v.

CHARLES M. PORTERFIELD,

Defendant.

Defendant Charles M. Porterfield is charged in a two-count redacted Indictment with production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and 2251(e) (Count 1), and penalty for registered sex offender (*i.e.*, committing a felony offense involving a minor after being required to register as a sex offender), in violation of 18 U.S.C. § 2260A (Count 2).[1]

Before the Court are motions *in limine* filed by the Government (Dkt. Nos. 82, 92) in advance of Porterfield's trial that began on November 15, 2022, with jury selection. At the Court's directive (*see* Dkt. No. 98), Defendant filed a response in opposition (Dkt. No. 99) to three of the Government's motions *in limine* (Dkt. Nos. 82 and 92, §§ A, B), and the Government thereafter filed a reply (Dkt. No. 100). Oral argument on the motions was held on November 14, 2022, at which time the Court

---

[1] The Indictment (Dkt. No. 5) also charged one count of enticement of a minor, in violation of 18 U.S.C. § 2422(b). The Court orally granted the Government's motion to dismiss that count, which was former Count 2, on October 27 2022. *See* CM/ECF Minute Entry, 10/27/2022. The Indictment also alleges that at the time of the commission of the offense alleged in Count 1, Defendant had a prior sex conviction in which a minor was the victim, which subjects Defendant to additional penalties (life imprisonment) as set forth in 18 U.S.C. § 3559(e)(1), if convicted.

required further briefing to be filed by the following day.  The parties filed that supplemental briefing (Dkt. Nos. 103, 104, 105) and the Court heard further argument the morning of November 16, 2022.

After jury selection but before preliminary instructions and opening statements, the Court issued a brief oral ruling on three of the Government's motions: (1) it GRANTED the Government's motion (Dkt. No. 92, § A) to preclude any evidence regarding Defendant's knowledge of the victim's age or any mistake-of-fact defense concerning her age, with respect to Count 1, and its related request to exclude any evidence or argument regarding the age of consent in New York State; (2) it deemed MOOT the Government's motion (Dkt. No. 92, § B) to preclude any evidence or argument regarding the sexual history or behavior, or alleged sexual predisposition of, the victim, including any conversations she had with men other than Defendant, prior and subsequent to the time period at issue in the Indictment; and (3) it GRANTED IN PART the Government's motion (Dkt. No. 82) to admit evidence of Defendant's prior sex offense conviction from 2011 and sex offender registry status, as direct evidence to prove an element of Count 2, and as propensity evidence under Rule 414 to prove Count 1.  The Court's reasoning for those rulings is memorialized below.

The Court otherwise determined that the Government's motions *in limine* were premature.  *See* Dkt. No. 92, §§ C through I.  "[C]ourts considering a motion *in limine* may reserve decision until trial, so that the motion is placed in the appropriate factual context."  *United States v. Gasperini*, 16-CR-441 (NGG), 2017 U.S. Dist. LEXIS 114166, *2 (E.D.N.Y. July 21, 2017) (internal quotation marks and citations

2

omitted).  The Court it will address those issues if they arise during the trial, at which time the Government may object, and the Court will address the objection outside the presence of the jury.

## DISCUSSION

"The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence."  *United States v. Hamlett*, No. 3:18-cr-24 (VAB), 2018 WL 4854627, 2018 U.S. Dist. LEXIS 172179, *3 (D. Conn. Oct. 5, 2018) (internal citations omitted).  "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds."  *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001).  Moreover, "a district court's ruling on a motion *in limine* is preliminary and 'subject to change when the case unfolds.'"  *United States v. Johnson*, 16-CR-457-1 (NGG), 2017 U.S. Dist. LEXIS 190968, *5 (E.D.N.Y. Sept. 21, 2017), quoting *Luce v. United States*, 469 U.S. 38, 41 (1984).

I.    **Motion to Preclude any Mistake-of-Fact Defense Regarding the Victim's Age, as to Count 1, and any Evidence Regarding the Age of Consent in New York State**

The Government moves (Dkt. No. 92, § A) to preclude any evidence regarding Defendant's knowledge of the victim's age or any mistake-of-fact defense pertaining to her age, with respect to Count 1 (production of child pornography). The motion is GRANTED.

"To secure a conviction under § 2251(a), the government must prove beyond a reasonable doubt that: '(1) *the victim was less than 18 years old*; (2) the defendant used, employed, persuaded, induced, enticed, or coerced the minor to take part in

3

sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and [as one way of proving the jurisdictional element] (3) the visual depiction was produced using materials that had been transported in interstate or foreign commerce.'"  *United States v. Broxmeyer*, 616 F.3d 120, 124 (2d Cir. 2010) (internal citation omitted) (emphasis added).

It is well-settled, and Defendant does not dispute this point, that the Government need not prove a defendant's knowledge of the victim's age; in other words, said knowledge is not an element of production.  *See United States v. Griffith*, 284 F.3d 338, 348-349 (2d Cir. 2002) (rejecting the defendants' argument that the district court erred in omitting scienter of age in its jury charge as to § 2251(a), while noting that "[t]he Supreme Court [. . . ] concluded that § 2251 does not contain a knowledge of age requirement"), citing *United States v. X-Citement Video, Inc.*, 513 U.S. 64, 74-79 (1994).

The crux of the parties' dispute, then, is whether Defendant has available a reasonable-mistake-of-age affirmative defense.  Defendant makes two main arguments in this respect: (1) the strict liability interpretation of § 2251, if applied in this case, would be unconstitutional under the First Amendment because it would impose criminal liability on individuals who may be engaged in what they reasonably believe is protected speech; and (2) disallowing him the opportunity to negate allegations concerning his knowledge of the victim's age would undermine his due process rights.

Defendant relies primarily upon the Ninth Circuit's decision in *United States v. United States Dist. Court for Cent. Dist.*, 858 F.2d 534 (9th Cir. 1988), which held

that § 2251(a) requires reading into the statute a "narrow mistake of age defense in order to avoid constitutional infirmity," that is, suppression of protected speech in violation of the First Amendment. *Id.* at 542. The Ninth Circuit explained this defense as follows: "A defendant may avoid conviction only by showing, by clear and convincing evidence, that he did not know, and could not reasonably have learned, that the actor or actress was under 18 years of age." *Id.* at 543-544.

As noted by the Government, the Ninth Circuit's decision was issued six years before the Supreme Court's *X-Citement* decision was issued, and other than the Ninth Circuit, all the Circuit courts to consider the issue of scienter under § 2251(a) "have consistently rejected the notion espoused in *United States District Court* of a constitutionally mandated mistake-of-age defense. Thus, the Ninth Circuit stands alone in its determination that the First Amendment requires a reasonable mistake-of-age defense under § 2251(a)." *United States v. Humphrey*, 608 F.3d 955, 960-961 (6th Cir. 2010) (collecting cases); *see United States v. Henry*, 827 F.3d 16, 23-25 (1st Cir. 2016), *cert denied* 137 S. Ct. 374 (2016); *United States v. Tyson*, 947 F3d 139, 147-148 (3d Cir. 2020), *cert denied*, 141 S. Ct. 307 (2020); *United States v. Malloy*, 568 F.3d 166, 173 (4th Cir. 2009), *cert denied* 559 U.S. 991 (2010); *United States v. Fletcher*, 634 F.3d 395, 403-405 (7th Cir. 2011), *cert denied* 565 U.S. 942 (2011); *United States v. Wilson*, 565 F.3d 1059, 1067-1069 (8th Cir. 2009), *cert denied* 130 S. Ct. 1052 (2010); *United States v. Ruggiero*, 791 F.3d 1281, 1285 n.4 (11th Cir. 2015) ("Most constitutional challenges to § 2251(a) have been brought under the First Amendment, with the argument being that the unavailability of a mistake-of-age defense renders the statute overbroad and chills protected speech.

5

Those challenges have been almost uniformly rejected by courts, including by this

Court[.]"), *cert denied* 577 U.S. 959 (2015), citing *United States v. Deverso*, 518

F.3d 1250, 1258 (11th Cir. 2008).  While the Second Circuit has not squarely ruled

on the issue, the Court finds the detailed analyses in those out-of-Circuit opinions to

be persuasive, which it need not repeat here.

Defendant also calls attention to an observation made by the Supreme Court

in dicta in *X-Citement* that he argues supports his position, *i.e.*, that eliminating

scienter of age as an element invalidates § 2251 on constitutional grounds.  The

Supreme Court in that case was analyzing § 2252 (the statute criminalizing child

pornography possession, receipt, and distribution) when it stated that several of its

First Amendment decisions "suggest that a statute completely bereft of a scienter

requirement as to the age of the performers would raise serious constitutional

doubts" and it was therefore "incumbent upon [the Supreme Court] to read [§ 2252]

to eliminate those doubts so long as such a reading is not plainly contrary to the

intent of Congress."  *X-Citement*, 513 U.S. at 78.  This is the language that

Defendant underscores.  The Supreme Court then held that the term "knowingly" in

§ 2252 extended to "the age of the performers."  *Id.*

The defendant in *Ruggiero* made a similar, although much more developed,

argument concerning this observation made in *X-Citement*, likewise arguing that it

supported his assertion that § 2251(a) was unconstitutional.  *See Ruggiero*, 791

F.3d at 1286-1290.  The Eleventh Circuit rejected that position.  *Id.* at 1287 ("Nor

does the 'serious constitutional doubts' dictum from *X-Citement Video* support [the

defendant]'s position that the absence of a knowledge-in-age requirement in §

2251(a) is unconstitutional.  The Supreme Court effectively foreclosed that extrapolation by distinguishing between the distribution prohibited by § 2252 and the production prohibited by § 2251(a).")；*see also Henry*, 827 F.3d at 24 n.4 (rejecting this same argument by the defendant, and noting that in making its observation, "the Supreme Court explicitly distinguished section 2251 from section 2252").

Defendant then argues courts that have declined to recognize a mistake-of-age defense latch onto a certain rationale set forth in *X-Citement*, which is factually inapplicable in this case.  In *X-Citement*, the Supreme Court stated that in criminalizing child pornography production pursuant with § 2251, "the perpetrator confronts the underage victim personally and may reasonably be required to ascertain that victim's age," whereas in criminalizing child pornography possession, receipt, and distribution with § 2252, "[t]he opportunity for reasonable mistake as to age increases significantly once the victim is reduced to a visual depiction, unavailable for questioning by the distributor or receiver."  *X-Citement Video*, 513 U.S. at 72 n.2; *see*, *e.g.*, *Tyson*, 947 F3d at 147 ("We are unconvinced that excluding mistake-of-age evidence poses a substantial risk to protected expression. Perpetrators are well positioned to know the age of a victim because they 'confront[] the underage victim personally.'"), quoting *X-Citement*, 513 U.S. at 72 n.2.

Defendant argues that here, it is not alleged he ever met the victim in person, "the victim repeatedly misrepresented her age" to Defendant, and Defendant "had no ability to investigate the [victim]'s age in person because production and distribution was done remotely."  Moreover, Defendant asserts that the *X-Citement* decision rendered in 1994 contains an "antiquated presumption" about the kind of

investigation a receiver of images may conduct, which is not in keeping with the exponential growth of technology including the widespread use of Smartphones that now lends to minors being "readily capable of producing images on their own[.]"

In its well-reasoned First Amendment analysis of § 2251, the First Circuit in *Henry* recognized that the proliferation in technology, particularly in smart phones, "has led to an apparent explosion in the 'production' of pornographic images by amateurs in non-commercial settings, who presumably pay less attention to regulatory requirements, criminal or otherwise." *Henry*, 827 F.3d at 25. The First Circuit reasoned that although those amateur producers might not verify the ages of individuals filmed in the same way commercial producers do, "it may well be that the amateurs are more likely to know their subjects" and "the technology that makes amateur video production and distribution easier also tends to make it easier to verify ages." *Id.* The Court concluded, "such an apparent proliferation of pornography provides no support for a claim that section 2251(a) is chilling a substantial amount of speech in relation to the plain scope of its reach." *Id.*

The Court may promptly dispel with Defendant's due process assertion, as knowledge of a minor victim's age is irrelevant under Rule 401. *See*, *e.g.*, *Ruggiero*, 791 F.3d at 1287-1288 (dispelling of the defendant's argument that "the application of § 2251(a) violated his due process rights because . . . he thought [the victim] was an adult"); *Humphrey*, 608 F.3d at 962 n.3 ("To the extent [the defendant] argues nebulously that he was deprived of his right to present a defense, . . . [t]he district court . . . properly decided this point, finding that '[o]nly relevant evidence is admissible, and any evidence that [the defendant] lacked knowledge that the victim

8

was a minor (or mistakenly believed the victim was an adult) is irrelevant and should be excluded.'"); *Malloy*, 568 F.3d at 177 ("Here, the evidence that [the defendant] wished to present in his defense was irrelevant to the crime charged and, therefore, it was properly excluded by the district court.  Evidence of a particular type of defense—here, reasonable mistake of age—can be properly excluded by the court without infringing on the general right of a defendant to present a defense.").

Last, Defendant argues that the Second Circuit "tacitly endorsed" this Court's decision to permit the defendant in a child pornography production case to cross-examine the victim about her specific misrepresentations concerning her age, when the victim had posted on assorted websites that she was over 18 years old.  *See United States v. Archambault*, 740 Fed. Appx. 195, 201 (2d Cir. 2018) (summary order).  The Second Circuit held that it would "not disturb" this Court's Rule 403 ruling that Defendant could not admit evidence of the website misrepresentations "to show that he had a good-faith belief that she was over the age of 18."  *Id.*  But the Circuit also upheld this Court's ruling that allowed Defendant to cross-examine the victim about her testimony that she told Defendant she was 16 years old and allowed him to "present his 'mistake of age' defense to the jury."  *Id.*

The Government argues that *Archambault* is distinguishable because in that case, the defendant was charged with not only production, but also with possession and receipt of child pornography—the latter which requires knowledge of age.  The Court concurs, and notes that in *Archambault* it held when addressing the parties' motions *in limine* that "any implicit or explicit representations made about [the victim's] age [were] *of no consequence* to the charge the defendant produced child

pornography.  Indeed, the Government ha[d] only to prove that Victim 1 was a minor at the time the visual depiction was produced."  *See United States v. Paul F. Archambault*, 13-cr-00100-RJA-HKS, Dkt. No. 69 (W.D.N.Y. Aug. 28, 2015), pp. 14-15 (emphasis added), citing *Ruggiero* and *X-Citement*.  In contrast, as to the two counts charging receipt and possession of child pornography involving the same victim, the Court noted that "defendant's knowledge of Victim 1's age at the time he received or possessed the photographs is relevant."  *Id.* at p. 15.

The Government also asks that the Court exclude any evidence or argument regarding the age of consent in New York State, because the age of a minor for the federal charge of child pornography production is 18 (*see* 18 U.S.C. § 2256(1)), and any other argument or evidence is excludable under Rules 401 and 403.  That request is also GRANTED.  Defendant did not respond to this related request, and the Court thus concludes it is unopposed (*see* Dkt. No. 98).  Moreover, the Court concludes that because consent of a minor is not a defense to the production charge, any argument to the contrary or informing the jury of the age of consent in New York State would be irrelevant under Rule 401, and even if relevant, its probative value would be substantially outweighed by a danger of confusing the issues, misleading the jury, and misstating the applicable law.

## II.   Motion to Preclude any Reference to Victim's Sexual Past or Conversations with Other Men (Evidence of Victim's Sexual Behavior and/or Sexual Predispositions)

Federal Rule of Evidence 412 provides that the following type of evidence is inadmissible in a criminal proceeding involving alleged sexual misconduct: "(1) evidence offered to prove that a victim engaged in other sexual behavior; or (2)

evidence offered to prove a victim's sexual predisposition."  Fed. R. Evid. 412(a).[2]

The Advisory Committee Notes to Rule 412 explain that the rule "aims to safeguard

the alleged victim against the invasion of privacy, potential embarrassment and

sexual stereotyping that is associated with public disclosure of intimate sexual

details and the infusion of sexual innuendo into the fact finding process," as well as

"encourage[ ] victims of sexual misconduct to institute and to participate in legal

proceedings against alleged offenders."

Despite its general prohibition of character or propensity evidence about the

victim in sexual misconduct cases, Rule 412(b)(1) makes exceptions for certain

types of evidence in criminal matters.  Specifically, in a criminal case, the Court may

admit the following: "(A) evidence of specific instances of a victim's sexual behavior,

if offered to prove that someone other than the defendant was the source of semen,

injury, or other physical evidence; (B) evidence of specific instances of a victim's

sexual behavior with respect to the person accused of the sexual misconduct, if

offered by the defendant to prove consent or if offered by the prosecutor; and (C)

evidence whose exclusion would violate the defendant's constitutional rights."

The Government moves (Dkt. No. 92, § B) to preclude any evidence or

argument regarding the sexual history or behavior, or alleged sexual predisposition

of, the victim, including any conversations she had with men other than Defendant,

---

[2] "Sexual behavior" encompasses "all activities that involve actual physical conduct, i.e. sexual intercourse and sexual contact, or that imply sexual intercourse or sexual contact."  Fed. R. Evid. 412, Advisory Committee Notes, Subdivision (a) (1994).  "Sexual predisposition" is "designed to exclude evidence that . . . the proponent believes may have a sexual connotation for the fact finder", such as "the alleged victim's mode of dress, speech, or life-style."  *Id.*

prior and subsequent to the time period at issue in the Indictment.  Defendant responds in opposition noting that he will not seek to imply the victim had some sort of sexual proclivity or history that negates an element of the offense or diminishes Defendant's culpability; however, he "will seek to introduce evidence of any other sexual conduct [. . .] to establish that at least two of the images alleged to have been transmitted were not transmitted upon the inducement of the defendant"—to contest the second element of Count 1.  In other words, Defendant indicates he would seek to prove that certain images were created before Defendant even came to know the minor victim, and therefore he could not have produced them.  *See*, *e.g.*, *Broxmeyer*, 616 F.3d at 125 (finding that the defendant "could only persuade, induce, or entice [the victim] to take [the photos at issue] if his persuasion, inducement, or enticement came *before* she took them") (emphasis in original).

At oral argument on November 14, 2022, the Government clarified that it does not oppose Defendant making the limited argument as expressed in his papers concerning the timing of when the images were transmitted, to try and show that Defendant did not cause them to be taken.  The parties then stated on the record that upon further review of the anticipated excerpts of text message exchanges that the Government will seek to admit, they did not foresee any Rule 412 issues that require a pretrial ruling.  The Government stated that its Rule 412-related concerns stemmed from a March 2019 incident involving the victim and an adult male other than defendant; and the victim's advertisement on the social media application, which is how Defendant virtually met the victim, as the Government did not want a mini-trial regarding the content of conversations the victim had with men other than

Defendant.  Defendant stated he did not intend to broach the topic of the March 2019 incident, at all, and he would not probe into the substantive conversations the victim had with other men.

Considering the parties' representations made on the record, the Court finds that the Government's motion is now MOOT.[3]

**III.    Motion to Admit Evidence Regarding Defendant's Prior Child Molestation Conviction and His Sex Offender Registration Status**

The Government moves (Dkt. No. 82) for a pretrial ruling to admit evidence of Defendant's prior sex offense conviction from 2011 and sex offender registry status and "determinations" as direct evidence to prove the third element of Count 2, as well as to admit evidence of Defendant's prior sex offense conviction and the "underlying facts" of that conviction under Rule 414 as to Count 1.

Defendant first argues that he did not receive proper notice of the anticipated Rule 414 evidence (evidence of prior child molestation), as required by Rule 414(b). That subsection provides:

> "<u>Disclosure to the Defendant</u>.  If the prosecutor intends to offer this evidence, the prosecutor must disclose it to the defendant, including witnesses' statements or a summary of the expected testimony.  The prosecutor must do so at least 15 days before trial or at a later time that the court allows for good cause."

The Government's motion *in limine* (Dkt. No. 82) was filed on November 3, 2022, the deadline the Court set for pretrial submissions, including motions *in limine*, in its Pretrial Order (Dkt. No. 80).  Jury selection was set for November 15, 2022.  Thus,

---

[3] The parties agreed on the record that no Rule 412(c)(2) *in camera* hearing is required here.

Defendant reasons, the motion was filed 12 days in advance of trial, three days short of the 15 days prescribed by Rule 414(b).

In response, the Government argues that Rule 414(b) requires only disclosure of the "evidence" the prosecution intends to use at trial fifteen days before trial, unlike the type of separate, "reasonable notice" that is required under Rule 404(b)(3).  *See*, *e.g.*, *United States v. Arce*, 49 F.4th 382, 394 (4th Cir. 2022) ("Unlike Rule 404, Rule 414 only requires disclosing *the evidence* fifteen days before trial…Any ambiguity about the meaning of 'it' [in Rule 414(b)'s text] is cleared up by a list of examples of what the prosecutor must disclose…and those are *types of evidence* not statements of intent or purpose.") (emphases in original); *United States v. Delorme*, 964 F.3d 678 (8th Cir. 2020) ("[C]ontrary to [the defendant]'s argument, Rule 414(b) does not require that the Government provide notice of intent to use the evidence.").  In addition to this case law cited by the Government, the Pattern Jury Instructions also indicate that it is "evidence" the prosecution must disclose pursuant to Rule 414(b)'s directive.  *See* 1 Leonard B. Sand et al., *Modern Federal Jury Instructions (Criminal)* § 5-27, Comment, n.12 (2021) ("Note . . . that the rule only requires the disclosure of evidence intended to be offered and not of the government's intention to offer it under Rule 413 or 414."), citing *United States v. Benais*, 460 F.3d 1059, 1062 (8th Cir. 2006) ("[Rule 413(b), the close analog to Rule 414(b)] clearly requires disclosure of the evidence itself.  [The defendant] argues that the fifteen-day-notice requirement also imposes on the Government a separate obligation to specifically disclose or declare the intention to rely upon Rule 413 for

14

admissibility.  There is no such requirement in the Rule, and we reject this argument.").

The Court finds the Fourth Circuit's textual analysis in *Arce* to be persuasive, particularly concerning what word "it" in Rule 414(b) is referencing ("evidence").  As such, it concludes that the Government's uncontested disclosure of Rule 414-related evidence "months before trial" (*Arce*, 49 F.4th at 394) renders such disclosure timely and the Government therefore did not violate the rule.  And even if there was an issue of timeliness,[4] the Court would allow the belated filing for "good cause."  The Government articulated that the reason it filed its Rule 414 motion *in limine* on November 3rd was to leave its plea offer open until the deadline for pretrial filings.  Moreover, Defendant did not articulate any prejudice to him by the three-day difference.

With respect to the substantive rule, Rule 414 provides, in pertinent part, that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation.  The evidence may be considered on any matter to which it is relevant."  Rule 414(a).  "[I]n contrast to Rule 404(b), Rule 414 permits evidence of other instances of child molestation as proof of, *inter alia*, a 'propensity' of the defendant to commit child molestation offenses."  *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997);

---

[4] The Court notes that the Second Circuit has stated in a footnote of one opinion, "Rule 414(b) requires *advance notice of the Government's intent* to introduce such evidence 'at least 15 days before trial or at a later time that the court allows for good cause.'"  *United States v. Spoor*, 904 F.3d 141, 146 n.3 (2d Cir. 2018) (emphasis added), citing Fed. R. Evid. 414(b).  However, unlike the Courts in *Arce* and *Delorme*, the *Spoor* Court was not addressing any argument by the defendant concerning the requirements of Rule 414(b) when it made this statement.

*see United States v. Davis*, 624 F.3d 508, 511-512 (2d Cir. 2010) (Rule 414 is "an exception to the usual proscription against admission of prior crimes 'to prove the character of a person in order to show action in conformity therewith.'"), quoting Rule 404(b).

Preliminarily, Defendant contests whether his 2011 State conviction constitutes "child molestation" within the meaning of Rule 414, and therefore argues that the exception to the rule against propensity evidence supplied by Rule 414 is inapplicable.  It is uncontested that the minor victim in the 2011 case was a "child" under Rule 414's definition of the term, as she was between 4 and 8 years old at the time of the offense.  *See* Rule 414(d)(1) (" 'child' means a person below the age of 14").

In 2011, Defendant pleaded guilty in Erie County Court to Course of Sexual Conduct Against a Child in the Second Degree, in violation of New York Penal Law § 130.80(1)(a), which provides, "[a] person is guilty of course of sexual conduct against a child in the second degree when, over a period of time not less than three months in duration[,] he … engages in two or more acts of sexual conduct with a child less than eleven years old[.]"[5]  The term "sexual conduct" is defined as "sexual intercourse, oral sexual conduct, aggravated sexual contact, or sexual contact." N.Y. Penal Law § 130.00(10).  Pertinent to Defendant's specific argument, "sexual contact" is defined as

---

[5] The parties both quote the current version of the New York Penal Code in their papers, with neither party arguing that in 2011 there was a different version with any variation in language. As such, the Court uses the current version in its analysis here.

> any touching of the sexual or other intimate parts of a
> person for the purpose of gratifying sexual desire of either
> party.  It includes the touching of the actor by the victim,
> as well as the touching of the victim by the actor, whether
> directly or through clothing, as well as the emission of
> ejaculate by the actor upon any part of the victim, clothed
> or unclothed.

N.Y. Penal Law § 130.00(3).

Defendant argues that because his prior offense "involved only 'sexual contact' [that] may include merely touching of any intimate part," and that conduct is defined more broadly in the New York Penal Law than conduct constituting "child molestation" is defined in Rule 414(d), Rule 414 does not apply.

The Government responds that Defendant's prior State conviction and underlying conduct fall squarely under the definition of "child molestation" in Rule 414(d).  "Child molestation" is defined, in pertinent part according to the Government, as "a crime under federal law or under state law . . . involving . . . any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child … [or] contact between the defendant's genitals or anus and any part of a child's body[.]" Rule 414(d)(2)(A), (D).

First, the Government points to 18 United States Code chapter 109A ("Sexual Abuse") that includes 18 U.S.C. § 2244 ("Abusive Sexual Contact"), which provides that any individual "in the special maritime and territorial jurisdiction of the United States … [who] knowingly engages in or causes sexual contact with or by another person, if so to do would violate … subsection (c) of section 2241 of this title had the sexual contact been a sexual act [shall be guilty of a crime]."  18 United States Code section § 2241 ("Aggravated Sexual Abuse") subsection (c) reads: "Whoever … in

the special maritime and territorial jurisdiction of the United States … knowingly engages in a sexual act with another person who has not attained the age of 12 years [shall be guilty of a crime]."  Moreover, the United States Code defines "sexual contact" as "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."  18 U.S.C. § 2246(3).

The Government therefore reasons that any violation of New York Penal Law § 130.80(1)(a), even should the underlying "sexual conduct" constitute "sexual contact" as defined by the Penal Law (as opposed to sexual intercourse, oral sexual conduct, or aggravated sexual contact), would also violate 18 U.S.C. § 2244(a) should the federal jurisdictional element be met.  The Court agrees this appears to be the case, when comparing the State and Federal statutes and elements.

Second, the Government argues that Defendant's prior conduct underlying his 2011 State conviction separately qualifies as "child molestation" when looking at certain statements and admissions made by Defendant in documents pertaining to the State case.[6]  Indeed, in a signed statement from 2009 when he was interviewed

---

[6] Defendant argues that he did not make these admissions and nevertheless his statements are inadmissible "because the statutory and constitutional 'voluntariness' nor that accuracy or truthfulness of that statement was never litigated."  The Government argues in opposition that just before Defendant pleaded guilty to New York Penal Law § 130.80(1)(a), the Erie County Court Judge ruled as follows: "[I]t is the determination of this Court that all of defendant's statements were made after he was fully advised of his *Miranda* rights and after having effectively waived those rights. The Court also determines that defendant's statements were voluntarily made pursuant to CPL 60.45, requiring denial of defendant's motion to suppress."  Gov't Trial Exhibit #25, pp. 2-3.  Defendant later conceded, however, that the issue of voluntariness *was* litigated before the county court.

by Erie County Sheriff's detectives, Defendant admitted to touching the minor victim's vagina under her clothes "about three to five times," and admitted to an incident when she was 6 or 7 years old and she stroked his penis until he ejaculated, the latter which he admitted he enjoyed (Gov't Trial Exhibit #23, pp. 2-3). An alternative definition of "child molestation" is "contact between the defendant's genitals or anus and any part of a child's body" (Rule 414(d)(2)(D)), and the Court agrees with the Government's position that the latter incident falls under that definition.  The former incident would fall under "contact between any part of the defendant's body … and a child's genitals or anus."  Rule 414(d)(2)(C).

Moreover, the Court has located two Second Circuit opinions, and one summary order, where prior convictions under New York Penal Law Article 130, albeit not the specific subsection Defendant previously pled guilty to here, presumably fell within Rule 414(d)'s definition of "child molestation."  In those cases, the Circuit did not examine that issue, but the Court finds it telling that such an issue appears to not have been raised on appeal.[7]

Importantly, as the parties recognize, evidence that may be admissible under Rule 414 must still meet the other requirements of the Federal Rules of Evidence including the hearsay rules and Rule 403.  The parties disagree about whether this

---

[7] *See, e.g., Spoor*, 904 F.3d at 147 and n.4 (prior conviction for Criminal Sexual Act in the First Degree, in violation of N.Y. Penal Law § 130.50(3)), *United States v. Vonneida*, 601 Fed. Appx. 38, 41 (2d Cir. 2015) (summary order) (prior conviction for Sexual Abuse in the First Degree, in violation of N.Y. Penal Law § 130.65(3)); *Davis*, 624 F.3d at 511 (prior conviction for Sodomy by Forcible Compulsion, in violation of N.Y. Penal Law § 130.50).

evidence is relevant under Rule 401 and whether its probative value is outweighed by the danger of unfair prejudice under Rule 403.

"Rule 414 affects the district court's analysis under Rule 403 because it alters the category of permissible inferences available to the jury." *Spoor*, 904 F.3d at 154. Even so, the district court still has the discretion to determine how probative those inferences are and weigh whether the evidence is unfairly prejudicial. *Id.* The Second Circuit has set forth factors the Court should consider in its Rule 403 analysis of Rule 414 evidence, to determine "the probative value of prior act evidence":

> (1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5) the necessity of the evidence beyond the testimonies already offered at trial. The district court should also consider the potential for unfair prejudice, including the possibility that prior act evidence will lead the jury to convict out of passion or bias or because they believe the defendant is a bad person deserving of punishment — a particular risk with this sort of evidence.

*Id.* (internal quotation marks and citations omitted).

"The Second Circuit takes a broad and inclusive approach when it comes to applying Rule[] … 414." *United States v. Vickers*, 13-CR-128, 2015 U.S. Dist. LEXIS 21130, *2 (W.D.N.Y. Feb. 23, 2015); *see Larson*, 112 F.3d at 604 ("With respect to the Rule 403 balancing … , the sponsors [of the legislative amendment that introduced Rule 414] stated that 'the presumption is that the evidence admissible pursuant to these rules is typically relevant and probative, and that its

probative value is not outweighed by any risk of prejudice.'") (internal citations omitted).

The facts of the 2011 conviction involve Defendant's repeated sexual conduct with his foster sister between the time she was 4 and 8 years old.[8]  As discussed above, he admitted to touching her vagina and allowing her to stroke his penis until he ejaculated.  In Defendant's New York State Sex Offender Registration Form, both signed and initialed by Defendant, he also admitted to engaging in actual (rather than attempted) sexual intercourse with the minor victim on more than one occasion and engaging in sexual contact with her on more than one occasion.  *See* Gov't Trial Exhibit #29, pp. 4, 10.  As a result of that conduct, on June 15, 2011, Defendant entered a plea of guilty to Course of Sexual Conduct Against a Child in the Second Degree, and on August 25, 2011, he was sentenced to 5 years' imprisonment to be followed by 3 years of post-release supervision – and was also required to register as a sex offender.  On December 1, 2015, Defendant was released from the State facility and began his post-release supervision, which he remained on until August 17, 2019.

On or before August 31, 2019, approximately two weeks after completing his post-release supervision for the 2011 State conviction, Defendant began an online relationship with the 13-year-old victim in this case upon meeting her on the social media application "Kik."  For a span of at least six days, between approximately

---

[8] The following factual summary is taken from the Government's facts as stated in its trial memorandum and motions *in limine*, and the Court's understanding of the case from its review of the Government's trial exhibits.

August 31, 2019 and September 6, 2019, they communicated via Kik and via text message on their cell phones.  Defendant paid the victim money to have these conversations with him (a "Sugar Baby / Sugar Daddy" relationship), asking her to send him sexually explicit photographs and videos of herself.  Three of the recovered photographs showed, separately, the victim's hand on her pubic area, covered by shorts/ underwear; the victim masturbating with her vagina exposed; and the victim standing in black thong underwear with no shirt on and facing away from the camera.

Defendant's prior conviction, and its underlying facts--to an extent--are relevant and certainly probative of, for example, Defendant's sexual interest in minor females, his propensity or proclivity to produce child pornography, and his intent and motive in requesting images and videos from the victim in this case.  This evidence goes to the second element of § 2251, as the Government will have to prove that the images constituted a "lascivious exhibition" and therefore they constitute "sexually explicit conduct."  *See United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987) (the sixth *Dost* factor is "whether the visual depiction [was] intended or designed to elicit a sexual response in the viewer").  The Government argues that this evidence is also relevant to its consciousness-of-guilt theory, because despite a requirement to disclose on his sex offender registration forms his use of Internet and social media applications, Defendant "repeatedly failed to do so" and he was therefore "purposely hiding his social media contacts with the victim because he knew he was engaging in unlawful conduct with the victim."

With respect to the factors set forth in *Spoor*, several factors weigh in favor of admitting this evidence under Rule 403.

Although the prior acts occurred in 2011, approximately eight years before the alleged production in this case and over ten years before the instant trial, "[t]he legislative history of Rule 414 reveals that Congress meant its temporal scope to be broad, allowing the court to admit evidence of Rule 414 acts that occurred more than 20 years before trial[.]"  *Larson*, 112 F.3d at 605 (no abuse of discretion in admitting testimony covering events that occurred 16 to 20 years before the trial, where "[t]he similarity of the events clearly demonstrated the . . . testimony's relevance"); *see United States v. O'Connor*, 650 F.3d 839, 853-854 (2d Cir. 2011) (rejecting defendant's argument that prior act evidence from over 30 years before his charged sexual abuse "lacked probative value because [it] was too remote in time"); *Davis*, 624 F.3d at 512 (no abuse of discretion in admitting testimony of conduct occurring 19 years earlier).

In addition, as to "the frequency of the prior acts," those acts occurred over a multi-year timespan and were not an isolated incident, and the Court could also construe a "lack of intervening circumstances" by virtue of Defendant commencing communications with the victim in this case within days or a couple weeks of finishing up his post-release supervision for the 2011 State conviction.

Defendant's point is well-taken that there is some dissimilarity between the prior acts and the charged acts—namely, a multi-year offense that involved touching, as compared with a no-contact offense that lasted a matter of days.  This case clearly differs from those where the circumstances of both offenses are virtually

23

identical or where both offenses involved the same victim, for example.  Even so,

the Court finds that this one factor ("the similarity of the prior acts to the acts

charged") does not outweigh the other factors the Court has considered in its Rule

403 analysis, as discussed above.

    While the Court is cognizant that the anticipated evidence is highly prejudicial,

it recognizes the strong legislative directive and prior precedent that dictates such

evidence is presumptively admissible.  The evidence, while prejudicial, is also highly

relevant and, on balance, not so unfairly prejudicial as to wholly prohibit its

introduction.  The Court therefore GRANTS IN PART the Government's motion to

introduce evidence of Defendant's prior conviction and facts underlying that

conviction (and corresponding requirement to register as a sex offender) as

propensity evidence under Rule 414 on any issue for which it is relevant.

    As previously indicated to the parties, the evidence that the Government may

admit about Defendant's 2011 conviction and sex offender registration will be limited

in scope due to its inflammatory nature, its risk of being cumulative, and the fact that

some of this evidence does not meet the test of relevancy.  Specifically, the Court

ruled that the Government may present the following as Rule 414 evidence, as long

as a foundation is properly laid, and the hearsay rules are followed: (1) the Erie

County Court Certificate of Conviction (Gov't Trial Exhibit #21); (2) the documents

from the sex offender registry (Gov't Trial Exhibit #29) that were pared down from

the Government's initial submission,[9] although the Court also directed the

---

[9] At the Court's directive, the Government scaled down Exhibit #29 from 88 pages to 28 pages,
to include only Defendant's New York State Sex Offender Registry Form dated November 27,

Government to redact all of paragraph 4 on pages 4 and 10 (indicating if force was used or if physical assault occurred), and the entirety of pages 5 and 11 (containing irrelevant identifying information and also indicating the "risk level" of Defendant); and (3) the written statements of Defendant (Gov't Trial Exhibits ##23 and 24).[10]

Prior to introduction of this evidence, the Court delivered a limiting instruction crafted and agreed upon by the parties as to how the jury may consider this evidence, emphasizing that Defendant is on trial only for the crimes charged in the Indictment.  The Court will issue a similar instruction during its jury charge.

As to Count 2, "[o]n its face, § 2260A includes three elements: a defendant (1) must be required to register as a sex offender and (2) must 'commit[]' one of its sixteen enumerated offenses, which (3) must involve a minor."  *United States v. Beck*, 957 F.3d 440, 448 (4th Cir. 2020).  The Government argues that it should be able to introduce direct evidence of Defendant's prior conviction and requirement to

---

2015, his Sex Offender Registry Annual Address Verification Forms for 2019 and 2020, and the New York State Sex Offender Change of Address Forms Defendant submitted in January and February 2020.  The Government removed from the 88-page version of this exhibit verification and address forms that were from outside the relevant timeframe, and the written Decision and Order by the County Court Judge finding Defendant a Risk Level 2 (moderate) and designating him a "Sexually Violent Offender."

[10] The Government noted (*see* Dkt. No. 103, p. 6) that it did not intend to offer as evidence the plea transcript from the 2011 conviction (Gov't Trial Exhibit #25) or the sentencing transcript from the 2011 conviction (Gov't Trial Exhibit #26).  This dispelled with the Court's concern that these documents were cumulative (*e.g.*, in the plea transcript Defendant's factual admission was essentially word-for-word the charges in the indictment and nothing more), irrelevant (*e.g.*, in the plea transcript the Court addressed questions such as the continuation of Defendant's bail and whether his misdemeanor and infraction charges under the Vehicle and Traffic Law would be dismissed), and highly prejudicial (*e.g.*, comments made during sentencing, including by the County Court Judge that the victim told the authorities Defendant threatened to kill her pet rabbit and pet dog if she told anyone about the sexual abuse, Defendant's acts were "unspeakable," and "If I could sentence you to more, I would," and including comments by the prosecutor like the victim and her siblings were now in separate foster homes instead of together because of Defendant's actions).

register as a sex offender to prove the element that Defendant was required to register as a sex offender at the time he committed the production offense alleged in Count 1. The Court GRANTS this request, as relevant to the elements of the crime charged in Count 2, and because its probative value is not outweighed by the danger of unfair prejudice.

Moreover, as noted by the Government, short of a stipulation it would otherwise have no way of proving Defendant's requirement to register as a sex offender, and the Government "generally has a right to present evidence, rather than accept a stipulation, in order to 'tell [the jury] a story of guiltiness[,] . . . to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable[, and] . . . to point to the discrete elements of a defendant's legal fault." *United States v. Harris*, 548 Fed. Appx. 679, 681 (2d Cir. 2013) (summary order), quoting *Old Chief v. United States*, 519 U.S. 172, 187-188 (1997); *see United States v. Polouizzi*, 565 F.3d 142, 153 (2d Cir. 2009).

## <u>CONCLUSION</u>

The motions *in limine* from the Government as to the admissibility of evidence are decided in the manner explained above.

**SO ORDERED.**

*s/Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: November 21, 2022
Buffalo, New York