UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Plaintiff,

v.

CHARLES PORTERFIELD,

           Defendant.

SENTENCING MEMORANDUM

Docket No.: 1:CR-00239

---

## PRELIMINARY STATEMENT

Charles Porterfield, who is currently scheduled for sentencing before U.S. District Court Judge, Richard Arcara, was arrested on or about February 7, 2020, as a result of the filing of a Criminal Complaint charging him with Production of Child Pornography While Being a Registered Sex Offender in violation of 18 U.S.C. §2251(a)(e) and 18 U.S.C. §2260(A).

Mr. Porterfield has been detained without bail since his arrest and will have served approximately 51 months and 23 days at the time of sentencing.

## STATEMENT WITH RESPECT TO SENTENCING FACTORS

Counsel has reviewed with Mr. Porterfield the Presentence Report prepared by the United States Department of Probation for the Western District of New York and has previously filed objections, the substance of one the government agreed with. (Doc. No. 146 and 147.)

In addition to the foregoing, the Defendant objects to portions of the revised Presentence Investigation Report filed on May 23, 2024. Specifically, the Defendant objects to the U.S. Department of Probation's application of U.S. Sentencing Guideline §4B1.5(b)(1) for repeat and dangerous sex

offenders against minors and their application of Mr. Porterfield's prior conviction of Course of Sexual Conduct Against a Child in the Second Degree in violation of New York State Penal Law §130.80(1)(A) as a sentencing enhancement under 18 U.S.C. §2251(e) elevating his minimum term of imprisonment from 15 years to 25 years.

Application of U.S. Sentencing Guideline §4B1.5(B)(1) requires a pattern of activity involving prohibited sexual conduct with a minor. A pattern of activity requires evidence the defendant engaged in prohibited sexual conduct with a minor on at least **two** separate occasions. U.S. Sentencing Guidelines §4B1.5(B)(1), *Application Note 4*. "Prohibited sexual conduct" includes conduct violating the federal statutes specified in 18 U.S.C. §2426(b)(1)(a) and conduct violating state law that would have constituted one of these specified federal offenses had federal jurisdiction applied. U.S. v. Broxmeyer, 699 F.3d 265 (2nd Circuit, 2012). The offense of conviction only constitutes one of the two occasions of prohibited sexual conduct for purposes of U.S. Sentencing Guideline §4B1.5(b)(1). U.S. v. Quiroz-Martinez, Docket No.: 19-1764 (2nd Circuit, 8/26/2020); *citing*, U.S. v. Broxmeyer, 699 F.3d 265, 285 (2nd Circuit, 2012).

As set forth in both the Defendant's and government's objections to the initial Presentence Report, Mr. Porterfield's state conviction of Course of Sexual Conduct Against a Child in the Second Degree does not constitute a prior instance of "prohibited sexual conduct" under the categorical approach as that conviction sweeps more broadly than the federal offenses listed in 18 U.S.C. §2426(b)(1)(a). See U.S. v. Broxmeyer *supra*, at 285, *see also*, Doc. No. 146 and 147. Mr. Porterfield's conviction of the instant offense constitutes only one occasion of prohibited sexual conduct for purposes of U.S. Sentencing Guideline §4B1.5(b)(1). U.S. v. Quiroz-Martinez, *supra*. Therefore, there is not a "pattern of activity" and the five level enhancement applied by the U.S. Department of Probation under U.S. Sentencing Guideline §4B1.5(b)(1) should be stricken resulting in a guideline level 38 should the Court apply the other enhancements set forth in the revised PSR.

Similarly, under the categorical approach, Mr. Porterfield's state conviction for Course of Sexual Conduct Against a Child in the Second Degree does not constitute a prior state conviction for purposes of elevating his mandatory minimum from 15 years to 25 years under 18 U.S.C. §2251(e). (*See,* Doc. No. 146 and 147.) Therefore, Mr. Porterfield's mandatory term of imprisonment for his conviction under 18 U.S.C. §2251(a) should be 15 years rather than 25 years.

## MR. PORTERFIELD'S CRIME OF CONVICTION

Paragraphs 7 through 21 of the Presentence Report outline the offense conduct which Mr. Porterfield was found guilty. As indicated in the Presentence Report, Mr. Porterfield's conduct in this case did not include any physical interaction with the victim. Rather, he contacted the victim over the internet in response to an advertisement she posted offering to sell nude photos of herself. (¶ 11 of the Presentence Report.) However, none of the photos admitted into evidence even depicted any nudity much less a sex act, see (Tr., 11/22/2022, p. 48-49.) In fact, the most egregious picture identified as government Exhibit 13, described by the government as "masturbating" simply shows a hand covering the pubic area and all five digits are depicted in the image, (Id. 48-49.) None of the images depicted the genitals or any sex act. Additionally, it is undisputed that the victim was selling these photographs to other men as well, which is pertinent to determining any impact the conduct for which the Defendant was convicted may have had on the victim.

## OFFENDER CHARACTERISTICS

The Defendant was born November 14, 1986 from the union of his parents, John and the late Lynda Porterfield. During his formative years, he struggled in school as a result of a speech impediment and decreased reading average. Despite these setbacks, he graduated from Springville Griffith Institute High School on June 25, 2005. After graduation, he served in the United States Army from 2005 to 2011, receiving honorable discharge. He worked as a combat medic for 14 months in Afghanistan

between 2008 and 2009, during which time he suffered a gunshot wound. Unfortunately, he suffered significant mental and emotional health problems as a result of his combat experience including anxiety, depression and post-traumatic stress disorder. (¶ 77 of the Presentence Report.) These mental and emotional disorders have resulted in nightmares, suicidal ideation and even a suicide attempt. (¶ 78 of the Presentence Report.) Mr. Porterfield has attempted to address his mental and emotional health problems through counseling and would like to continue to do so upon sentencing. In addition, Mr. Porterfield did successfully complete a sex offender treatment program in 2016. (¶ 79 of the Presentence Report.)

## SENTENCING OPTIONS

It is respectfully requested the Court consider the following 18 U.S.C. §3553 factors when sentencing Mr. Porterfield:

- His military service;
- His diagnosed mental and emotional health conditions;
- His need for mental, emotional and sex offender treatment;
- The facts regarding his conviction and specifically that he never touched or had any physical interaction with the victim;
- The nature of the images admitted at trial compared to the far more egregious images often possessed by other defendants convicted of similar crimes; and
- The need for a sentence sufficient, but not greater than necessary to comply with the factors set forth in 18 U.S.C. §3553(A)(2).

In consideration of the aforementioned factors, it is respectfully requested this Court sentence Mr. Porterfield to the 15 year mandatory minimum under 18 U.S.C. §2251(e) and 10 years consecutive under 18 U.S.C. §2260A for a total sentence of 25 years with post-release supervision. A sentence of this nature would result in Mr. Porterfield being incarcerated until he was approximately 57 years old

after which point he would likely be on post-release supervision for the rest of his life. As set forth in his Presentence Report, he has shown the ability to abide by the conditions of post-release supervision. (See ¶ 42 of the Presentence Report indicating he successfully completed 2 years of post-release supervision.) A sentence of 25 years imprisonment is also consistent with sentences imposed on similarly situated defendants. See U.S. v. Sawyer, Docket No. 15-CR-2276 (2nd Circuit) (vacated sentence of 300 months imprisonment as substantively unreasonable where defendant was convicted of 18 U.S.C. §2251(a) for taking sexually explicit photographs of two separate victims ages 4 and 6.); see also, U.S. v. Dorvee, 616 F.3d 174 (2nd Circuit, 2010) (Second Circuit vacated sentence of 240 months imprisonment as procedurally and substantively unreasonable where defendant was convicted of distribution of child pornography in violation of 18 U.S.C. §2252A(a)(2)(a) for exchanging sexually explicit photos with somebody he believed was a 14 year old boy and attempting to meet the minor for purposes of sexual conduct).

Should the Court determine the enhancement under 18 U.S.C. §2551(e) for his prior state conviction applies, it is respectfully requested he be sentenced to the statutory minimum of 25 years on Count One, and 10 years consecutive under 18 U.S.C. §2260A on Count Two for a total sentence of 35 years, which is more than necessary to comply with the provisions of 18 U.S.C. §3553.

**WHEREFORE,** it is respectfully requested the Court sentence the Defendant accordingly.

DATED:  Buffalo, New York
        May 25, 2024

                                                Respectfully submitted,

                                                Peter M. Kooshoian, Esq.
                                                Rosenthal, Kooshoian & Lennon, LLP
                                                **Attorneys for Defendant**
                                                **CHARLES PORTERFIELD**
                                                80 West Huron Street
                                                Buffalo, New York 14202
                                                (716) 854-1300

*Rosenthal, Kooshoian & Lennon, LLP*
ATTORNEYS AND COUNSELORS AT LAW / 80 WEST HURON STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300

TO:   Hon. Richard J. Arcara
      United States District Judge
      U.S. Courthouse
      2 Niagara Square
      Buffalo, New York 14202

      Paul Bonano, Esq.
      Assistant United States Attorney
      United States Attorney's Office
      Federal Centre
      138 Delaware Avenue
      Buffalo, New York 14202

      Jonathan Cantil, Esq.
      Assistant United States Attorney
      United States Attorney's Office
      Federal Centre
      138 Delaware Avenue
      Buffalo, New York 14202

      United States Probation Department
      68 Court Street
      Buffalo, New York 14202

*Rosenthal, Kooshoian & Lennon, LLP*
ATTORNEYS AND COUNSELORS AT LAW / 80 WEST HURON STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300

UNITED STATES DISTRICT OF NEW YORK
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.

CHARLES PORTERFIELD,

        Defendant.

**CERTIFICATE OF SERVICE**

Case No.: 1:20-CR-00042

---

Peter M. Kooshoian, Esq., a partner in the office of Rosenthal, Kooshoian & Lennon, LLP located at 80 West Huron Street, Buffalo, New York, 14202 affirms to be true and states under penalty of perjury that on May 25, 2024 a **Sentencing Memorandum** was electronically filed with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1. Hon. Richard J. Arcara
   United States District Court Judge

2. Jonathan Cantil, Esq.
   United States District Attorney

3. Paul Bonano, Esq.
   United States District Attorney

4. United States Department of Probation

                                      Peter M. Kooshoian

Sworn to me this 25th
day of May, 2024.

Notary Public
GARNET L. KELLY
Notary Public-State of New York
No. 01KE6296174
Qualified in Erie County
Commission Expires January 27, 20 26

*Rosenthal, Kooshoian & Lennon, LLP*
ATTORNEYS AND COUNSELORS AT LAW / 80 WEST HURON STREET / BUFFALO, NEW YORK 14202 / (716) 854-1300